SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael More, | No. CV 18-00626 PHX DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Michael More, who is currently confined in the Arizona State Prison Complex-Buckeye, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. 5.) The Court will deny the motion.[1]

**I.    Background**

On screening pursuant to 28 U.S.C. § 1915(A)(a), the Court found that Plaintiff stated Eighth Amendment medical claims against Defendants Corizon, Ende, Rogers, Labar, Coleman, Grabowski, Myers, Elijah, and Barnett and directed them to answer. (Doc. 15.) The Court dismissed the remaining claims and Defendants (*Id*.)

Plaintiff now moves for injunctive relief and seeks a Court order directing Defendants to have his automated implantable cardioverter defibrillator (AICD) replaced and to take him for follow-up echocardiograms (ECG) every three months. (Doc. 5 at 3.)

---

[1] Also before the Court are Plaintiff's Motion to Direct Defendants to Answer (Doc. 13) and Motion to Appoint Counsel (Doc. 14), which will be addressed in a separate Order.

**II. Motion for Injunctive Relief**

**A. Legal Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct

the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### B. Analysis

The Court will deny Plaintiff's motion because he has failed to show that he is likely to succeed on the merits of his claim or that he will suffer irreparable harm absent injunctive relief. To establish a likelihood of success on the merits of an Eighth Amendment medical care claim, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The prisoner must show (1) that his condition constitutes a "serious medical need" and (2) that the defendant's current response to that need is deliberately indifferent. *Jett*, 439 F.3d at 1096.

Defendants have presented evidence that Plaintiff had his AICD successfully replaced during an offsite procedure on March 12, 2018, and that when the new AICD was tested during an offsite follow-up appointment on March 30, 2018, it was reported as functioning normally. (Doc. 17 at 30-35, 48.) Since the replacement of his AICD, Plaintiff has reported improvement of his symptoms. (*Id*. at 48.) Further, the results of Plaintiff's most recent ECG on January 22, 2018 were normal and a follow-up ECG in six months was recommended. (*Id*. at 26-27.) Plaintiff has failed to produce any contradictory medical evidence.

Therefore, based on the available facts, there is no evidence that Plaintiff's serious medical needs have been disregarded. Plaintiff has also failed to show that he will suffer irreparable harm if his requested relief of having an ECG every three months is not granted.

Because Plaintiff fails to produce evidence to show a likelihood of success on the merits or that he faces a likelihood of irreparable harm, the Court will deny the motion for injunctive relief and will not address any of the other *Winter* factors. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

| | |
|---|---|
| 1 | **IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to |
| 2 | Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 5), |
| 3 | and the motion is **denied**. |
| 4 | Dated this 20th day of April, 2018. |

David G. Campbell
United States District Judge