**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael More,<br><br>Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No. CV-18-0626-PHX-DGC (DMF)<br><br><br>**ORDER** |

Before the Court are Plaintiff's Motions to Compel. (Docs. 60, 63, 64) Defendants acknowledge that the system for providing prisoners with electronically filed documents suffered from some interruptions. (Doc. 62) Plaintiff claims that this interruption meant that he did not receive copies of certain documents in this matter, and specifically references the Court's August 13, 2018 order issuing him one blank subpoena duces tecum. (Doc. 60 referencing Doc. 55) The Court notes that the Clerk's Office received the completed subpoena from Plaintiff and the U.S. Marshals Service has filed its Notice of Service. (Doc. 69) Moreover, Defendant filed a Notice of Service for the documents that Plaintiff had alleged were not received. (Doc. 66) Accordingly, the Court concludes that Plaintiff's motions to compel are moot. (Docs. 60, 63, 64).

Plaintiff also requested extensions because of delay in receiving documents. (Docs. 61, 65, 67) Defendants did not respond. Good cause appearing, the Court will extend pertinent deadlines.

**IT IS THEREFORE ORDERED** denying as moot Plaintiff's Motion to Compel A.D.C. to Comply (Doc. 60), Expedited Motion to Compel (Doc. 63), and Expedited Motion to Compel (Doc. 64).

**IT IS FURTHER ORDERED** granting Plaintiff's Motions to Extend Time (Docs. 61, 65, 67) as set forth herein. The new deadlines are as follows:

1. Any motion seeking dismissal of Plaintiff's claims or judgment as a matter of law on Plaintiff's claims based on an assertion that Plaintiff failed to administratively exhaust his claims shall be brought no later than **December 30, 2018**.

2. Last day by which discovery requests may be submitted (discovery request cutoff date) is **February 28, 2019**.

    2.1. No discovery requests may be submitted after this date except by stipulation of the parties or by Court order for good cause shown.

    2.2. Responses to discovery must be filed within the time provided by the rules unless the parties stipulate otherwise.

3. If Defendants desire to take Plaintiff's deposition they may do so by no later than **January 29, 2019**.

    3.1. Leave of Court for the taking of such deposition is granted pursuant to Rule 30(a)(2), Federal Rules of Civil Procedure. The deposition may be taken by telephone at the option of Defendants.

4. Dispositive motion deadline is **April 29, 2019**. If Defendants file a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure based on Plaintiff's failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a) and the Court denies that motion, Defendants may file a second motion for summary judgment without requesting permission from the Court. Otherwise, no party may file more than one motion for summary judgment under Rule 56 unless permission is first obtained from the Court.

5. Proposed joint pretrial order lodged with the Court by **May 9, 2019**, or 30 days after the Court's ruling on the last dispositive motion, if any, that does not dispose of the case, whichever is later.

    5.1. Defendants are responsible for initiating the drafting and submission of the proposed pretrial order in the form prescribed by the assigned trial judge.

6. Limits on discovery.

    6.1. Interrogatories: No more than 25 (including subparts) by each party to any other party.

    6.2. Requests for production of documents: No more than 15 from each party to any other party.

    6.3. Requests for admissions: No more than 10 from each party to any other party.

    6.4. Depositions: Because of the logistical problems involved, self-represented incarcerated parties may not take depositions without prior Court permission. Such permission will not be granted except upon a showing of exceptional circumstances.

7. Discovery disputes.

    7.1. The Court will not entertain motions to compel discovery, motions for sanctions, motions for protective orders, or the like unless and until there has been compliance with the following procedure: In the event of a dispute over discovery, the parties must confer in good faith, in person or by telephone if possible, and attempt to resolve the dispute. Rule 37(a), Federal Rules of Civil Procedure; LRCiv 7.2(j), Rules of Practice of the U.S. District Court for the District of Arizona.

    7.2. All motions regarding discovery shall be filed by **April 9, 2019**.

Dated this 24th day of October, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge